**Cindy L. NAETHING, Plaintiff–Appellant,**

**v.**

**Lee COVINGTON, Director, Ohio Department of Insurance; American General Life and Accident Company, Defendants–Appellees.**

No. 01–4189.

United States Court of Appeals, Sixth Circuit.

Aug. 20, 2003.

Cindy L. Naething, pro se.

Scott Myers, Office of the Attorney General of Ohio, Columbus, OH, Michael S. Gordon, Vorys, Sater, Seymour & Pease, Cleveland, OH, James F. Foley, Vorys, Sater, Seymour & Pease, Columbus, OH, for Defendant–Appellee.

Before GILMAN and GIBBONS, Circuit Judges; and JORDAN, District Judge.*

---

* The Honorable Leon Jordan, United States District Judge for the Eastern District of Tennessee, sitting by designation.

PER CURIAM.

Cindy Naething filed an action under 42 U.S.C. § 1983 against American General Life and Accident Insurance Company ("AGLA") and Director Lee Covington ("Director Covington") of the Ohio Department of Insurance claiming entitlement to proceeds from life insurance policies issued to Martin Hampton and seeking production of the policies and related canceled checks. Prior to filing her complaint in district court, plaintiff filed an action in Ohio state court seeking discovery and claiming benefits under the policies. The Ohio court ruled in 1995 that plaintiff had received all the discovery to which she was entitled and that she was not entitled to benefits under the insurance policies. Plaintiff filed her complaint in district court on August 28, 2001. Defendants each filed a motion to dismiss. The district court granted both motions. It held with regard to AGLA that the complaint was barred by the applicable statute of limitations and that AGLA is not a state actor and therefore cannot be sued under § 1983. As to Director Covington, the district court held that the complaint failed for want of specificity to state a claim because plaintiff's allegations of misconduct and conspiracy were conclusory and thus insufficient. The court further held that the complaint failed to sufficiently allege that a right protected under the Constitution or laws of the United States had been violated, a requirement for a § 1983 action.

▆ For the reasons articulated by the district court, we agree that the claims against AGLA are barred by the statute of limitations and that because AGLA is not a state actor, a claim under § 1983 can not stand. We further agree with the district court that the claims against Director Covington fail for a lack of specificity and that the complaint fails to allege sufficiently that a right protected under the Constitu-tion or laws of the United States has been violated. Having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in dismissing plaintiff's case. Because the district court fully articulated its reasons for dismissal, the issuance of a detailed opinion by this court would be duplicative and serve no purpose. Accordingly, we affirm the judgment of the district court upon the reasoning set out by the court in its opinion and order entered October 24, 2001.